**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOYCE STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00043** |
| | ) | **Judge Aleta A. Trauger** |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

Plaintiff Joyce Stevens brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the decision of the Commissioner of Social Security ("Commissioner") by vacated, that the plaintiff's pending Motion for Judgment on the Administrative Record (Doc. No. 17) be granted, and that this matter be remanded to the Social Security Administration ("SSA") for further administrative proceedings. (Doc. No. 19, at 13.) Now before the court is the Commissioner's Objection to the R&R (Doc. No. 20), to which the plaintiff has responded (Doc. No. 25).

The Commissioner raises one objection to the scope of the remand recommended by the R&R but does not actually object to remand *per se*. As discussed herein, the court finds the Commissioner's Objection to be supported by the law and will, therefore, provide the clarification and modification requested by the Commissioner. Because the Commissioner does not pose any further objection to remand, the court will accept the R&R, as modified herein, and remand the

matter to the SSA for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

Stevens filed her application for SSI on July 1, 2018, alleging disability since July 30, 1986 due to intellectual limitations, illiteracy, inability to understand, money, shoulder problems, back problems, and hip problems. (Doc. No. 15, Administrative Record ("AR") 49.[1]) Stevens later amended her alleged disability onset date to July 1, 2018. (AR 32.) Her application was denied initially (AR 61–62) and on reconsideration (AR 77–78). After a telephonic hearing (AR 28–47), at which the plaintiff was represented by a non-attorney representative,[2] and both the plaintiff and a vocational expert ("VE") testified, Administrative Law Judge ("ALJ") Frank Gregori issued an unfavorable decision on May 20, 2020 (AR 15–24).

The ALJ accepted as a factual matter that Evans suffers from severe impairments, including "learning disability, borderline intellectual functioning, and posttraumatic stress disorder," and non-severe impairments including "hypertension and general arthropathies." (AR 17.) The ALJ determined that the plaintiff's mental impairments significantly limit her ability to perform basic work activities but that, considered singly and in combination, they do not meet or medically equal the criteria of listings 12.05(A) or (B) or 12.15(C). He found that Stevens has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with nonexertional limitations relating to her intellectual impairment and difficulty dealing with the public, as follows:

> She can perform no duties or tasks that require reading or writing nor can she perform any tasks that require performing mathematical calculations; can understand, remember, and carry out only simple, unskilled, repetitive, and one to two step tasks; can maintain adequate concentration, persistence, and pace on only

[1] Page number references to the administrative record are consistent with the Bates stamp number at the lower right corner of each page.

[2] Stevens is represented by counsel in the proceeding in this court.

> simple, unskilled, repetitive, and one to two step tasks throughout an eight-hour workday with customary work breaks; should have no more than occasional interaction with the general public on a brief and superficial basis; can interact appropriately with supervisors and coworkers for task completion; and can adapt to only infrequent changes that are gradually introduced into the workplace.

(AR 20–21.)

The ALJ found that the plaintiff has no past relevant work experience, having never worked. Based on the testimony of the qualified VE at the hearing, the ALJ concluded that Stevens is able to perform other work that exists in the national economy, including the jobs of packager, production laborer, and machine tender. The ALJ therefore concluded that the plaintiff is not disabled. (AR 24.)

The Appeals Council denied review on November 18, 2020 (AR 1–6), making the ALJ's decision the final Agency decision.

The plaintiff filed her Complaint initiating this action on January 19, 2021. (Doc. No. 1.) The SSA filed a timely Answer (Doc. No. 14), denying liability, and a complete copy of the Administrative Record. The plaintiff thereafter filed her Motion for Judgment on the Administrative Record and supporting Memorandum of Law. (Doc. Nos. 17, 17-1.) The SSA filed a Response. (Doc. No. 18.) Following the issuance of the R&R, the Commissioner filed her Objection.

## II. THE R&R AND OBJECTION

In support of her Motion for Judgment on the Administrative Record, the plaintiff argues that the ALJ committed reversible error when he: (1) determined that Stevens's impairments did not meet or equal Listing 12.05(B); (2) failed to properly consider the evidence in assessing Stevens's RFC; and (3) and failed to properly weigh the evidence related to her disabling symptoms. (Doc. No. 17-1, at 9.)

Regarding the third assignment of error, the plaintiff takes issue with the ALJ's finding

that the record "does not document mental health treatment or psychiatric hospitalizations when he erroneously discounted her subjective complaints" of depression and anxiety. (Doc. No. 17-1, at 19 (citing AR 22).) She points out that Stevens told Dr. James Cowie, a licensed psychologist who performed a consulting psychological evaluation of Stevens on December 13, 2018 (*see* AR 254), that she had been hospitalized for a suicide attempt around the time she was getting divorced from her first husband. The AR, however, does not contain any medical records relating to that alleged hospitalization. Stevens argues that the ALJ erred in failing to acknowledge her statement about having been hospitalized and that the ALJ "should have further developed the record and obtained these records before discounting Ms. Stevens' allegations based upon lack of hospitalization for mental health reasons." (Doc. No. 17-1, at 19.) She also contends that the ALJ, in "discounting Ms. Stevens' disabling symptoms due to conservative treatment and non-compliance," erred in failing to address Stevens's inability to afford treatment and other factors as possibly contributing to these factors. (*Id.* at 19–20.)

In Response, the Commissioner points out that the alleged hospitalization took place around the time of the plaintiff's divorce from her first husband and that the record indicates that she has been married to her current husband for at least twelve years, meaning that the hospitalization and any associated records would date from more than twelve years ago. Moreover, the plaintiff does not argue that the hospitalization took place during the period relevant to a finding of disability. (Doc. No. 18, at 13.)

In addressing this issue, the R&R observes that, in reaching a conclusion that Stevens's statements about the "intensity, persistence and limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record," the ALJ found that

> the record does not document any mental health treatment, let alone any psychiatric hospitalizations or other evidence of psychological decompensation; and the record

> certainly does not document any ongoing objective clinical manifestations of a significant mental pathology that would have been expected to produce more than minimal functional limitation for a period of 12-consecutive months since the application date[.]

(Doc. No. 18, at 7–6 (quoting AR 21, 22) (brackets and footnote omitted).) Citing 20 C.F.R. § 416.929(a) and (c)(3) and SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016), the R&R faults the ALJ's finding that the "record does not document any mental health treatment, let alone any psychiatric hospitalizations or other evidence of psychological decompensation" as lacking the support of substantial evidence. (Doc. No. 18, at 9.) The R&R points out that (1) a psychological report from Stevens's elementary school in 1980 documents that she had been seen at a "Mental Health Center" because she had been "abused by [her] natural parents" (*id.* (citing AR 156)); and (2) Dr. Cowie's psychological evaluation documented Stevens's report of having been hospitalized following a suicide attempt when she was getting divorced. The R&R concludes that the ALJ erred when he was faced with this evidence that Stevens had been hospitalized for mental health reasons but failed to obtain records or other information about that hospitalization. (*Id.* at 9 ("The ALJ therefore failed to 'mak[e] every reasonable effort to obtain a complete medical history' before evaluating Stevens's mental health symptoms, in violation of Social Security Ruling 16-3p and 20 C.F.R. § 416.929(c)(2).").)

The R&R also concludes that the ALJ had an obligation to consider the substantial evidence of the plaintiff's poverty, intellectual impairments, and history of trauma as possible reasons why she had not obtained mental health treatment more recently. The R&R concludes that remand is warranted for "reconsideration of the reasons why Stevens did not pursue mental health treatment" and that the ALJ should be directed upon remand to "make every reasonable effort to obtain a complete medical history before reevaluating Stevens's mental health symptoms in accordance with Social Security Ruling 16-3p and 20 C.F.R. § 416.929(c)." (Doc. No. 19, at 12.)

Because the R&R finds remand warranted on the basis of the plaintiff's third contention of error, the R&R does not reach the plaintiff's first two arguments regarding the ALJ's listing analysis and RFC finding.

The Commissioner specifically objects to the recommendation that the ALJ be ordered to develop the record with evidence that significantly predates the disability period. (Doc. No. 20, at 1.) While maintaining broadly that the ALJ's decision should be affirmed, the Commissioner requests that, at a minimum, the court "clarify that the Commissioner need not develop the record to include outdated and irrelevant evidence from well prior to the time period at issue" and that the plaintiff be directed to advise the ALJ as to when any mental health hospitalizations occurred. (Doc. No. 20, at 3.)

**III. STANDARD OF REVIEW**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II or Title XIV, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). The court's review of the decision of an ALJ is generally limited to a determination of whether the ALJ applied the correct legal standards and whether his

findings are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 42 U.S.C. § 405 (g) (2012) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV. ANALYSIS

The court finds, as an initial matter, that, to the extent the Commissioner "continues to maintain that the [ALJ's decision] should be affirmed" (Doc. No. 20, at 3), the Objection contains no specific objection to the R&R's conclusion that remand is required. Instead, the Commissioner addresses only the scope of the Commissioner's obligation to develop the record on remand. The court finds, therefore, that any objection aside from this specific objection is waived. However, insofar as the Commissioner objects to the scope of the remand, the Objection is sufficiently specific to warrant consideration.

Social Security Ruling 16-3p states, as relevant here: "We will not evaluate an individual's symptoms without making every reasonable effort to obtain a *complete medical history* unless the evidence supports a finding that the individual is disabled." SSR 16-3P , 2017 WL 5180304, at *5 (Oct. 25, 2017) (emphasis added). The term "complete medical history" is noted to "mean the

individual's complete medical history for at least the 12 months preceding the month in which he or she filed an application, *unless there is a reason to believe that development of an earlier period is necessary* . . . ."*Id.* at *5 n.8. The Social Security regulations likewise require the SSA to "develop" a claimant's "complete medical history for at least the 12 months preceding the month in which [the] application [is filed] unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912(b)(1). At the same time, however, a claimant has an obligation to "inform [the SSA] about or submit all evidence known to [the claimant] that relates" to disability. *Id.* § 416.912(a)(1). This obligation is ongoing and requires disclosure of additional evidence of which the claimant becomes aware. *Id.*

In this case, the ALJ specifically asked the plaintiff's non-attorney representative if she had any objection to the previously identified exhibits being introduced into evidence and made part of the record *and* whether she had any new evidence or additional documentation to submit. (AR 31.) The representative responded in the negative to both of these questions. In Dr. Cowie's evaluation, under "Mental Health History," Dr. Cowie states that Stevens "reported that she tried to commit suicide when she was getting divorced, and she was hospitalized." (AR 256.) She added, however, "I don't do nothing stupid like that no more," and denied suicidal ideation. (*Id.*)

In support of her Motion for Judgment on the Administrative Record, the plaintiff argues that the ALJ erred in failing to develop the record with documents relating to her hospitalization, but the plaintiff does not contend that she herself has located such documents or explain how they are relevant to her current disability claim. It is clear from the record as developed that neither the plaintiff nor Dr. Cowie believed that the plaintiff's records relating to a hospitalization that occurred at least twelve years previously was relevant to the plaintiff's present claims.

The regulations only require the development of a claimant's complete medical record for the twelve months preceding the month in which a claimant's application is filed, "unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912(b)(1). And, even then, a claimant has an obligation to identify portions of the record she believes are relevant to her disability claim.

While, indeed, an ALJ must consider the "longitudinal evidence of a claimant's symptoms," *Dodson v. Soc. Sec. Admin.*, No. 2:20-cv-00048, 2022 WL 709185, at *1 (M.D. Tenn. Mar. 9, 2022) (quoting *Stafford v. Kijakazi*, No. 4:20-cv-1011, 2022 WL 358061, at *8 (W.D. Mo. Feb. 7, 2022)), he clearly did so in this case, to the extent records were available. There is simply no evidence that additional medical records from the relevant time frame, regarding mental health or any other type of treatment, were available. The ALJ did not err in failing to develop the record with documentation of the plaintiff's remote hospitalization.

In that regard, the Commissioner's Objection is well taken. As a result, the court will modify the Magistrate Judge's recommended disposition to accommodate it. Specifically, while the court accepts the recommendation that the case be remanded for further proceedings as set forth in the R&R, specifically for reconsideration of the reasons why Stevens has not pursued mental health treatment more recently, including poverty, intellectual limitations, and her history of trauma, the Commissioner does not have an obligation to develop the record to include outdated and irrelevant evidence. Nonetheless, on remand, the plaintiff or her representative may advise the ALJ as to when any mental health hospitalizations occurred and what additional records are available. If necessary, the ALJ can assist the claimant to obtain the records pursuant to the regulations at 20 C.F.R. § 416.912(a)(1). If, upon review of any such records, the plaintiff takes the position that they are relevant, she may make that argument to the ALJ, but the ALJ has no

reason to presume that records from a time period substantially predating the limitation period are relevant.

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the court **ACCEPTS IN PART AND MODIFIES INPART** the R&R. Accordingly, the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 17) is **GRANTED**; the Commissioner's final decision is **VACATED;** and this matter is **REMANDED** to the SSA for further administrative proceedings consistent with this Memorandum and, to the extent also consistent with this Memorandum, the R&R.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge